*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

V

TOMMIE WESLEY MILLER, JR.,

       Defendant-Appellant.

UNPUBLISHED
July 29, 2021

No. 353843
Ingham Circuit Court
LC No. 19-000521-FH

Before: FORT HOOD, P.J., and MARKEY and GLEICHER, JJ.

GLEICHER, J. (*concurring*).

I concur with the result reached by the majority but write separately to offer a slightly different legal analysis.

Defendant Miller contends that the trial court erred by failing to suppress his "inculpatory statement" and the evidence seized when the police searched his car because the officers failed to advise him of his *Miranda*[1] rights. The majority holds that the public-safety exception to *Miranda* applies and that because the un-Mirandized statement was voluntary, the physical evidence obtained was admissible.

*Miranda* simply does not apply to the admission of the weapon, as the majority explains. See *United States v Patane*, 542 US 630, 636; 124 S Ct 2620; 159 L Ed 2d 667 (2004) ("The Self–Incrimination Clause . . . is not implicated by the admission into evidence of the physical fruit of a voluntary statement."). Miller has raised no other challenge to the admission of the weapon. Because the weapon was lawfully seized, the admission of Miller's false exculpatory statement that he did not have a gun was weak, cumulative evidence and harmless beyond a reasonable doubt. Similarly, Miller's subsequent admission that there *was* a gun in the vehicle was a small and inconsequential brick in the prosecution's case, and therefore also qualified as harmless.

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

On this basis, I concur with the majority.

/s/ Elizabeth L. Gleicher